IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMAL D. LANIER, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| ) | JURY TRIAL DEMANDED |
| ALLCONNECT, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

## **COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff Jamal D. Lanier (hereinafter "Plaintiff"), and files this lawsuit against Defendant AllConnect, Inc. (hereinafter collectively "Defendant"), and shows the following:

### **I. Nature of Complaint**

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendant (hereinafter referred to as the "relevant time period").

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b) of the FLSA and 28 U.S.C. §1331.

4.

Defendant AllConnect, Inc. is a Delaware corporation with its principal office in Atlanta, Georgia.  The unlawful employment practices described herein occurred at 1600 Riveredge Pkwy, Atlanta, GA, 30328. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

### III. Parties

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff worked for the Defendant from July 17, 2012 through February 24, 2015.

7.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendant.

8.

Plaintiff performed non-exempt labor for the Defendant within the last three years.

9.

Defendant employed the named Plaintiff during the relevant time period.

10.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

11.

Defendant AllConnect, Inc. is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

12.

AllConnect, Inc. is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

13.

Defendant is governed by and subject to FLSA §§ 4 and 7, 29 U.S.C. §204 and §207.

## IV. Facts

14.

Plaintiff worked for the Defendant within the past three years.

15.

At the time of hire, Plaintiff was employed as a Sales Representative, where he made and received sales calls while working from an Allconnect call center.

16.

In approximately April 2014, Plaintiff became a Product Specialist with Allconnect, where he was responsible for receiving incoming calls regarding

technical support or sales issues and relaying the information to another department.

17.

While Plaintiff was employed as a Sales Representative, he was paid on an hourly basis of $12.00 per hour and also received commissions based on sales.

18.

While employed as a Sales Representative, Plaintiff was required to work "off-the-clock" to complete work in his position.

19.

While employed as a Product Specialist, Plaintiff was paid on a salary basis.

20.

While employed as a Product Specialist, Plaintiff performed non-exempt work for Defendant.

21.

Plaintiff was not compensated for all hours worked each day that he was required to stay after his shift ended in order to complete his work.

22.

During Plaintiff's employment with the Defendant, Plaintiff was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 on the occasions that Plaintiff worked over forty (40) hours in a workweek.

## V. Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.

23.

Defendant has violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

24.

Defendant suffered and permitted Plaintiff to routinely work more than forty (40) hours per week without overtime compensation.

25.

Defendant's actions, policies and/or practices violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

26.

Defendant knew, or showed reckless disregard for the fact that it failed to pay Plaintiff overtime compensation in violation of the FLSA.

27.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff, and thus has failed to make, keep and preserve records with respect to Plaintiff sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

28.

Defendant's conduct was willful and in bad faith.

29

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## VII.  Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, liquidated damages as provided by 29 U.S.C. §216, court costs, expert witness fees, reasonable attorneys' fees under 29 U.S.C. §216, pre-judgment interest and all other remedies allowed under the FLSA;

(C)  Grant declaratory judgment declaring that Plaintiff's rights have been violated; and,

(D)  Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 1st day of June, 2015.

**BARRETT & FARAHANY, LLP**

s/Benjamin A. Stark
Amanda A. Farahany
Georgia Bar No. 646135
Benjamin Stark
Georgia Bar No. 601867
Attorneys for Jamal D. Lanier

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
Amanda@bf-llp.com
bstark@bf-llp.com